**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4183**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORENZO DESHON STEPHENS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:06-cr-00281)

———————

Submitted:  September 10, 2007      Decided:  December 10, 2007

———————

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David M. Hicks, Whitney C. Tymas, Hicks Tymas, LLC, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Deshon Stephens was convicted by a jury of one count of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000). Stephens was sentenced by the district court to 327 months' imprisonment. Finding no error, we affirm.

On appeal, Stephens contends the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal. Stephens argues the evidence was insufficient to support his conviction. We review the district court's denial of a Rule 29 motion under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To prove conspiracy to possess with intent to distribute and to distribute a controlled substance, the government must establish that: (1) two or more persons agreed to possess with intent to distribute and to distribute the substance; (2) the

- 2 -

defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. <u>United States v. Burgos</u>, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, so long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. <u>Id.</u> at 858.

The evidence presented at trial established that during the time in question, a number of individuals, including Stephens, were involved in selling cocaine base in the Gilpin Court area of Richmond, Virginia. Lisa Madison testified that she purchased cocaine base from Stephens for personal use as well as to resell. Stephens was present during some of the occasions in which Madison resold the drugs. Madison additionally brought customers to Stephens in exchange for drugs.

Troy Brockenbrough testified that he on occasion served as an intermediary between Stephens and the supplier. In such instances, Brockenbrough would receive money from Stephens, purchase cocaine base from the supplier, and give the drugs to Stephens for distribution. Eventually, Brockenbrough introduced Stephens to the supplier so that Stephens might deal directly with him. Craig Bullock testified that he supplied Stephens with distribution quantities of cocaine base on multiple occasions.

Thus, construing the facts in the light most favorable to the Government, it appears that Stephens was involved in "'a loosely-knit association of members linked . . . by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market'"--the Gilpin Court area. Burgos, 94 F.3d at 858 (quoting United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993)). We therefore conclude that there was sufficient evidence to support the jury's verdict. To the extent Stephens argues the Government's case rested almost entirely on the unreliable testimony of the cooperating witnesses, it is not the province of this court to second-guess the credibility determinations of the factfinder. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Accordingly, we affirm the judgment of the district court. We deny Stephens's motion for an extension of time to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED